UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| GABRIEL DOTSON, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No. | 1:18-CV-139-PLR-SKL |
| DANIELLE TURNER, | ) |  |  |
| Defendant. | ) |  |  |

## MEMORANDUM OPINION

Plaintiff, an inmate proceeding pro se in a civil rights action for violation of 42 U.S.C. § 1983, alleges that Defendant Danielle Turner denied him constitutionally adequate medical care [*See* Doc. 12 p. 5-8]. Defendant has filed a motion to dismiss Plaintiff's claim against her for failure to state a claim upon which relief may be granted [Doc. 16]. Plaintiff has submitted a response in opposition to the motion [Doc. 19], and Defendant has filed a reply thereto [Doc. 22]. Having fully considered the parties' arguments and the applicable law, the Court finds that Defendant's motion should be granted.

### I. PLAINTIFF'S RELEVANT ALLEGATIONS

On June 7, 2017, while housed at the Bledsoe County Correctional Complex, Plaintiff was injured while playing basketball [Doc. 12 p. 5]. He was examined by Defendant Danielle Turner, a nurse at the clinic, who noted the swelling to his injured foot and left the room to speak to the doctor. When she returned, she told Plaintiff that a doctor would x-ray his ankle the following day [*Id*.]. Defendant Turner did not provide Plaintiff with pain medication or crutches, but after Plaintiff advised her that he could not place weight on his ankle, she called an officer to return Plaintiff to his unit in a wheelchair [*Id*. at 5-6]. Plaintiff was returned to his unit but was denied

food for the following two days, as he could not walk to the dining hall and lacked crutches or a wheelchair to assist him [*Id*. at 6, 13].

Plaintiff limped to the clinic the following day and had his foot and ankle x-rayed [*Id*. at 6-7]. He was not provided any medication for pain [*Id*. at 7]. The swelling of his foot prevented him from wearing his boots [*Id*.]. On June 12, 2017, Plaintiff was told by an officer in the dining hall that he could not return until he had on boots [*Id*.]. The same day, Plaintiff returned to the clinic, where Defendant Turner advised Plaintiff that doctor had just read his x-ray, which showed that he had a hairline fracture [*Id*.]. Plaintiff was provided crutches and ibuprofen [*Id.*]. On June 14, 2017, Plaintiff finally saw a doctor and was informed that he had a broken ankle and would be placed in a special boot [*Id*.].

Plaintiff alleges that Defendant Turner was responsible for ensuring that he was timely seen by medical professionals who would have diagnosed and treated his injury, and that he endured unnecessary pain and suffering due to her failure to make a prompt referral to the available, treating professionals [*See* Doc. 12; Doc. 19 p. 1-2].

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged−but it has not "show[n]"−"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

Additionally, while Plaintiff's claim survived a frivolity review upon initial screening under the Prison Litigation Reform Act ("PLRA"), the standard for a Rule 12(b)(6) motion is a higher bar than the frivolity standard in 28 U.S.C. § 1915. *See, e.g, Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required screening of a plaintiff's complaint under the PLRA is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)). It is with these standards in mind that the Court considers the Defendant's motion.

### III. DISCUSSION

Plaintiff's allegation that Defendant Turner denied him proper medical treatment implicates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation; and (2) a subjective component, which requires a showing of a sufficiently capable state of mind – that of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

In order to meet the subjective requirement, an inmate must show more than negligence or medical malpractice in failing to render adequate medical care. *See, e.g., Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Rather, deliberate indifference is demonstrated only where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both

be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

Here, Plaintiff admits that he was seen by Defendant Turner on the day of his injury, and that she checked his vitals and viewed his swollen ankle [Doc. 12 p. 5]. He contends that she went to get the doctor but returned and stated that the doctor would x-ray his ankle the following day [*Id*.]. She had an officer return him to his cell in a wheelchair [*Id*. at 5-6]. Plaintiff further admits that he was seen the following day by other medical staff, and his ankle was x-rayed [*Id*. at 6-7]. Thus, Defendant Turner took steps on the day of Plaintiff's injury to notify the facility's medical doctor and schedule an x-ray for the following day [Doc. 1 p. 6]. There is no indication in Plaintiff's complaint that he interacted with Defendant Turner the day his ankle was x-rayed [*See id*. at 6-7]. Therefore, Plaintiff offers no specific allegations that would allow the Court to infer that Defendant Turner's evaluation of him and/or subsequent communication to the doctor deprived him of his constitutional rights.

Plaintiff also alleges that Defendant Turner was deliberately indifferent by not providing him with crutches or a wheelchair. However, there is no suggestion in Plaintiff's complaint that it is within her authority to order a wheelchair or crutches for Plaintiff to use. In his complaint, Plaintiff contends that two different doctors saw him struggling to limp to the clinic on one occasion, and that when one of the physicians attempted to procure a wheelchair for Plaintiff, the physician was told by correctional staff "he was cleared to walk so he can walk there" [Doc. 12 p. 6]. Therefore, if a physician on grounds was unable to procure a wheelchair for Plaintiff without written orders, Defendant Turner cannot be at fault for failing to procure same. As a subordinate, Defendant Turner followed the orders of the treating physician without deciding whether Plaintiff should receive a wheelchair, crutches, or pain medication. *See, e.g., Walker v. Eyke*, 417 F. App'x 461, 464 (6th Cir. 2011) (concluding that the plaintiff failed to offer evidence that the defendant

psychologist had a sufficiently culpable mind to deprive him of certain drugs because the psychologist lacked authority to prescribe the drugs requested); *Nimety v. Schilling*, No. 7:16CV00043, 2017 WL 975989, at *7 (W.D. Va. Mar. 10, 2017) (noting "the nurse defendants do not have the authority to order any medication, test, treatment, exercise, prosthetic, mobility aid, equipment, or outside referral"); *Braddock v. Crompton*, No. 1:10–cv–731, 2015 WL 6040307 at *3 (W.D. Mich. Oct. 15, 2015) (finding nurse lacked subjective component of deliberate indifference claim where she had no authority to order requested relief). Accordingly, Plaintiff cannot demonstrate that Defendant Turner was deliberately indifferent to his need for crutches or a wheelchair.

Plaintiff's remaining allegation as to Defendant Turner is that she characterized his injury as a "hairline fracture" on June 14, while the doctor characterized it as "broken" [Doc. 12 p. 8]. However, even if Defendant Turner should have recognized Plaintiff's ankle as broken and did not, this type of an allegation fails to state a claim which entitles a prisoner to relief under § 1983. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Therefore, Plaintiff cannot sustain a § 1983 claim against Defendant Turner for deliberate indifference, and she is entitled to dismissal.[1]

## IV.    CONCLUSION

For the reasons set forth herein, Defendant Turner is entitled to be dismissed from this action. Accordingly, Defendant Turner's motion to dismiss [Doc. 16] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

---

[1] To the extent Plaintiff's claim sounds in health-care liability, the Court notes that he has failed to comply with the provisions of Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-101, *et seq*., including § 29-26-121 (written notice of claim) and § 29-26-122 (certificates of good faith).

Further, the Court will **CERTIFY** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE